UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HAROLD SHERWOOD,
                                                            :
                            Plaintiff,
                                                            :
       -v.-                                                         OPINION & ORDER
                                                            :        17 Civ. 5015 (GWG)
NANCY A. BERRYHILL,
Acting Commissioner of Social Security,                     :

                            Defendant.                      :
------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

       Plaintiff Harold Sherwood brings this action pursuant to 42 U.S.C. § 405(g) for judicial

review of the final decision of the Commissioner of Social Security (the "Commissioner")

denying his claim for Supplemental Security Income ("SSI").  The Commissioner has moved to

dismiss Sherwood's complaint under Federal Rule of Civil Procedure 12(b)(6), or in the

alternative for summary judgment under Federal Rule of Civil Procedure 56, on the ground that

the complaint is barred by the statute of limitations set forth in section 205(g) of the Social

Security Act (the "Act"), 42 U.S.C. § 405(g).  Sherwood has opposed the Commissioner's

motion and cross-moved to amend the complaint.[1]  For the reasons that follow, the

_____

       [1] Notice of Motion, filed Nov. 30, 2017 (Docket # 9); Memorandum of Law in Support
of the Defendant's Motion to Dismiss the Complaint or, in the Alternative, for Summary
Judgment, filed Nov. 30, 2017 (Docket # 10) ("Comm'r Mem."); Statement of Defendant
Pursuant to Local Rule 56.1, filed Nov. 30, 2017 (Docket # 11); Declaration of Cristina Prelle,
filed Nov. 30, 2017 (Docket # 12) ("Prelle Decl."); Notice of Cross-Motion, filed Feb. 8, 2018
(Docket # 20) ("Pl. Not. Mot."); Memorandum of Law in Support of Cross-Motion and in
Opposition to Dismissal, filed Feb. 9, 2018 (Docket # 21) ("Pl. Mem."); Response to
Defendant's Local Rule 56.1 Statement, filed Feb. 9, 2018 (Docket # 22); Defendant's
Opposition to Plaintiff's Cross Motion to Amend the Complaint and Reply Memorandum in
Support of the Commissioner's Motion to Dismiss, filed Apr. 19, 2018 (Docket # 32) ("Comm'r
Reply Mem."); Declaration of Raymond Egan, filed Apr. 19, 2018 (Docket # 33) ("Egan
Decl."); Attorney's Reply Declaration, filed May 1, 2018 (Docket # 34) ("Frishberg Reply
Decl.").

Commissioner's motion is granted and Sherwood's motion is denied.

I. BACKGROUND

On September 24, 2013, the United States District Court for the Southern District of New York remanded this case for further administrative proceedings upon stipulation of the parties. Stipulation & Order of Remand, Sherwood v. Colvin, 13 Civ. 4059 (S.D.N.Y. Sept. 24, 2013) (Docket # 10). On May 16, 2016, an administrative law judge ("ALJ") issued a decision after further administrative proceedings denying Sherwood's claim for SSI, finding that he was not disabled under the Act. See Prelle Decl. ¶ 4(a); Notice of Decision — Unfavorable, dated May 16, 2016 (annexed as Ex. 1 to Prelle Decl.) ("ALJ Decision"); Complaint, filed June 29, 2017 (Docket # 2) ("Compl."), ¶¶ 7-8. Sherwood, through his attorney, appealed to the Appeals Council, which declined to accept jurisdiction of the case in a decision dated October 25, 2016. See Letter from Maurice A. Perry to Harold C. Sherwood, dated Oct. 25, 2016 (annexed as Ex. 2 to Prelle Decl.) ("Appeals Council Decision"). The decision was mailed to Sherwood at 115-102 223rd Street, Cambria Heights, NY 11411. Id. at 1; Prelle Decl. ¶ 4(a). This was the same address to which the ALJ Decision had been mailed. ALJ Decision at 1. The Commissioner mailed a copy of both the Appeals Council Decision and the ALJ Decision to Sherwood's attorney, Aaron David Frishberg, at 20 East 1st Street, Suite 204, Mount Vernon, NY 10550. Id. at 3; Appeals Council Decision at 4.

The Appeals Council Decision advised Sherwood of his right to commence a civil action seeking review of the Commissioner's decision within 60 days. Appeals Council Decision at 3. It further explained that "[t]he 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period." Id. The fifth day after the Decision was dated was October 31, 2016.

See Comm'r Mem. at 2 n.1.[2]  As a result, the last day to file a timely complaint with this Court was December 30, 2016, which is 60 days after October 31, 2018.

The Appeals Council Decision advised Sherwood of his ability to request an extension of time to file for judicial review should he need more than 60 days to file for such review. Appeals Council Decision at 3.  Sherwood did not request an extension of time to seek judicial review.  Prelle Decl. ¶ 4(b).

Sherwood filed the instant complaint nearly eight months later, on June 29, 2017.  See Compl.  In it, he contends that neither he nor his attorney received the Appeals Council Decision until June 27, 2017, when Sherwood "requested to learn the status of his appeal at a local Social Security district office."  Id. ¶ 9.  In a declaration filed with his motion, Sherwood explains that he "was living in a homeless shelter" at the time the Appeals Council Decision was issued. Declaration of Harold Sherwood, filed Feb. 8, 2018 (annexed as Ex. 3 to Pl. Not. Mot.) ("Sherwood Decl."), ¶ 2.  Since "the mail delivery at the homeless shelter was unreliable," Sherwood used his sister's address — 115-102 223rd Street, Cambria Heights, NY 11411 — as his mailing address.  Id.  Although he checked with his sister "at least once a week," she "never reported to me receiving anything from the Social Security Administration."  Id. ¶¶ 3-4.  He only learned of the decision "when [he] made a visit to [his] local Social Security office to file a new application for benefits."  Id. ¶ 7.  He "immediately notified [his] attorney" who filed the instant Complaint "within days."  Id. ¶ 8.

According to Frishberg, he moved offices around the time that the Appeals Council Decision was issued — "in or about the beginning of November 2016" — and despite having his

---

[2] October 30, 2016, was a Sunday.  Accordingly, receipt was not presumed until the following business day, or October 31, 2016.  See Fed. R. Civ. P. 6(a)(1)(C).

mail forwarded, he "never received anything originating [with] the Social Security Administration concerning Mr. Sherwood's claim." Declaration of Aaron David Frishberg, filed Feb. 8, 2018 (annexed as Ex. 4 to Pl. Not. Mem.), ¶ 3-4.

The Commissioner has presented uncontroverted evidence that every visitor to a Social Security Administration ("SSA") field office "must check themselves in by entering their information and reason for visiting the office into the Visitors Intake Process Re-write (VIPr) self-check-in kiosk." Egan Decl. ¶ 3. The VIPr system then stores the inputted information. Id. An SSA staff member reviewed the VIPr system records for the period of June 1, 2017, through July 1, 2017, for the South Bronx field office, located at 820 Village Concourse, Bronx, NY 10451. Id. ¶ 4. The SSA staff member found no record showing Sherwood visited the South Bronx field office during the period checked. Id. ¶ 4. The staff member also reviewed VIPr records for the Bedford Heights field office, the Jamaica field office, and the North Bronx field office, for the same period. Id. ¶ 5.[3] Similarly, the records did not show that Sherwood visited these offices between June 1 and July 1, 2017. Id. While Sherwood asserts that there exists at least one other office in the Bronx, located at 1380 Parker Street, Bronx, NY 10462, whose VIPr records the the Commissioner did not search, Sherwood does not give an address or any other information about the location of the office that he alleges he visited. Frishberg Reply Decl. ¶ 3.

On November 30, 2017, the Commissioner moved to dismiss the Complaint, or for summary judgment, on the ground that the Complaint was untimely filed. Comm'r Mem. at 1. On December 22, 2017, Sherwood attempted to file an amended complaint without leave. See

_____

[3] Those offices are located, respectively, at 1540 Fulton Street, Brooklyn, NY 11216; 1 Jamaica Center Plaza, 3rd Floor, Jamaica, NY 11432; and 2501 Grand Concourse, 2nd Floor, Bronx, NY 10468. See id. ¶ 5.

First Amended Complaint, filed Dec. 22, 2017 (Docket # 14).  The Court rejected the filing and

ordered Sherwood to file an opposition to the Commissioner's motion instead.  See Order, dated

Jan. 5, 2018 (Docket # 15).  On February 8, 2018, Sherwood filed his opposition to the

Commissioner's motion, and separately moved for leave to amend his original Complaint "to

include [Sherwood's] and counsel's declarations in support of the assertion that [they] were not

on notice of the Appeals Council's decision until the time to appeal to the District Court had

run."  Pl. Mem. at *4.[4]  The Commissioner and Sherwood thereafter filed replies.  See Comm'r

Reply Mem.; Frishberg Reply Decl.

## II.  GOVERNING STANDARDS OF LAW

The Commissioner moves under Rule 12(b)(6) and Rule 56.  See Comm'r Mem. at 1.  In

support of her motion, the Commissioner appends declarations from SSA staff and the ALJ and

Appeals Council Decisions.  See Prelle Decl.; Egan Decl.  Sherwood opposed the

Commissioner's motion by filing his own declaration and one from his attorney.  See Sherwood

Decl.; Frishberg Decl.  He also filed an amended complaint that adds a single paragraph

incorporating those declarations by reference.  See Amended Complaint, filed Feb. 8, 2018

(annexed as Ex. 2 to Pl. Not. Mot.), ¶ 10.  Because we have considered these filings, we treat the

Commissioner's motion as one for summary judgment.  See Fed. R. Civ. P. 12(d).

Granting summary judgment is appropriate when "the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law."  Fed. R. Civ. P. 56(a).  A genuine issue of material fact exists "if the evidence is such that

a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby,

---

[4]   Neither the plaintiff's motion nor the Commissioner's reply include page numbers.
Accordingly, "*___" refers to the page numbers assigned by the ECF system.

Inc., 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, "[t]he evidence of the non-movant is to be believed" and the court must draw "all justifiable inferences" in favor of the nonmoving party. Anderson, 477 U.S. at 255 (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970)). Once the moving party has shown that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial,'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis in original) (citation omitted) (quoting Fed. R. Civ. P. 56(e)), and "may not rely on conclusory allegations or unsubstantiated speculation," Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998). In other words, the nonmovant must offer "concrete evidence from which a reasonable juror could return a verdict in his favor," Anderson, 477 U.S. at 256, and "[a] party opposing summary judgment does not show the existence of a genuine issue of fact to be tried merely by making assertions that are conclusory," Major League Baseball Props., Inc. v. Salvino, Inc., 542 F.3d 290, 310 (2d Cir. 2008). "Where it is clear that no rational finder of fact 'could find in favor of the nonmoving party because the evidence to support its case is so slight,' summary judgment should be granted." FDIC v. Great Am. Ins. Co., 607 F.3d 288, 292 (2d Cir. 2010) (quoting Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1224 (2d Cir. 1994)).

III. DISCUSSION

　　We address the Government's motion for summary judgment before considering Sherwood's motion to amend his complaint.

　　A. Statute of Limitations

　　Sections 205(g) of the Act provides the exclusive remedy for a plaintiff who seeks

judicial review of the Commissioner's final decision on his or her eligibility for benefits. 42

U.S.C. § 405(g). Under this provision, a plaintiff must commence his or her civil suit through

the filing of a complaint "within sixty days after the mailing . . . of notice of such decision or

within such further time as the Secretary may allow." 42 U.S.C. § 405(g). Pursuant to this

statutory grant of authority, the Commissioner issued a regulation extending a plaintiff's time to

file to "60 days after . . . notice of the decision by the Appeals Council is received." 20 C.F.R.

§ 422.210(c). Thus, "rather than commencing on the date notice of decision is mailed to the

claimant, the sixty day period starts from the time notice is <u>received</u> by the claimant."

<u>Matsibekker v. Heckler</u>, 738 F.2d 79, 81 (2d Cir. 1984) (emphasis in original). Under this

regulation, receipt of an Appeals Council decision is "presumed to be 5 days after the date of

such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c); <u>see</u>

<u>also</u> <u>Wong v. Bowen</u>, 854 F.2d 630, 631 (2d Cir. 1988); <u>Matsibekker</u>, 738 F.2d at 81; <u>Thomas v.</u>

<u>Comm'r of Soc. Sec.</u>, 2017 WL 3475435, at *2 (S.D.N.Y. June 22, 2017).[5]

Because the limitations period "is a condition to the government's waiver of sovereign

immunity, the limitations period must be strictly construed." <u>Liranzo v. Astrue</u>, 2010 WL

626791, at *1 (E.D.N.Y. Feb. 23, 2010) (citing <u>Bowen v. City of New York</u>, 476 U.S. 467, 479

(1986)), <u>aff'd</u>, 411 F. App'x 390 (2d Cir. 2011); <u>accord</u> <u>Natale v. Comm'r of Soc. Sec.</u>, 2017

WL 3309734, at *2 (S.D.N.Y. Aug. 2, 2017); <u>Thomas</u>, 2017 WL 3475435, at *2. For this

---

[5] Courts disagree on whether notice to a claimant's attorney is sufficient to separately start the 60-day appeal deadline. <u>Compare</u>, <u>e.g.</u>, <u>Bess v. Barnhart</u>, 337 F.3d 988, 990 (8th Cir. 2003) ("notice received by either the individual or the individual's attorney, whichever occurs first, triggers the sixty-day limitations period."); <u>Choate v. Berryhill</u>, 2018 WL 2933683, at *3 (N.D. Ind. June 12, 2018), <u>with</u> <u>Kinash v. Callahan</u>, 129 F.3d 736, 738 (5th Cir. 1997) ("The availability of judicial review does not depend upon the receipt of notice by the claimant's attorney or personal representative."). It is unnecessary to reach this issue, however, because the case must be dismissed based on the claimant's failure to rebut the presumption of receipt.

reason, "[f]ailure to file a complaint within the statutory limitation most often requires dismissal of the case." Natale, 2017 WL 3309734, at *2 (quoting Borrero v. Colvin, 2015 WL 1262276, at *3 (S.D.N.Y. Mar. 19, 2015)); see also Courtney v. Colvin, 2014 WL 129051, at *2 (S.D.N.Y. Jan. 14, 2014) ("[C]ourts in the Second Circuit have not hesitated to find that complaints that miss this deadline by a matter of days are untimely.") (collecting cases).

The Commissioner argues that Sherwood's action is barred by the statute of limitations set forth in section 205(g) of the Act because it was filed outside the sixty-day limit. Comm'r Mem. at 7. Under the Commissioner's regulations, Sherwood was presumed to have received the notice by October 31, 2016, "unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c).

With respect to what showing must be made by a claimant to rebut the presumption that notice was received within five days of its stated mailing date, we do not write on a blank slate. Case law holds that a plaintiff must "do more than assert that [he] did not receive the notice within five days." Hall v. Colvin, 2017 WL 4339664, at *3 (S.D.N.Y. Sept. 29, 2017) (internal quotation marks omitted) (quoting Marquez v. Comm'r of Soc. Sec., 2013 WL 3344320, at *3 (S.D.N.Y. July 2, 2013)); accord McLaughlin v. Astrue, 443 F. App'x 571, 574 (1st Cir. 2011) ("it is fairly well-accepted that affidavits that merely state a date of receipt more than five days after the Appeals Council's notice, or allege non-receipt within the five days, are not sufficient, standing alone, to rebut the presumption."); Garcia v. Comm'r of Soc. Sec., 53 F. App'x 192, 194 (3d Cir. 2002) (affidavits by counsel and plaintiff claiming non-receipt, in addition to status inquiry letters sent by counsel to SSA after date of receipt, insufficient to show non-receipt within five days of mailing of decision); Velez v. Apfel, 229 F.3d 1136 (2d Cir. 2000) (a "conclusory allegation" of non-receipt does not constitute a reasonable showing) (unpublished

opinion); Rodriguez v. Comm'r of Soc. Sec., 2017 WL 6379618, at *3 (S.D.N.Y. Nov. 16, 2017); Liranzo, 2010 WL 626791, at *2 (collecting cases); Rouse v. Harris, 482 F. Supp. 766, 768-69 (D.N.J. 1980) (the "mere assertion" of non-receipt "cannot provide a substitute for a more concrete showing").

Thus, a plaintiff's "sworn word that he did not receive th[e] notice is not sufficient, by itself, to rebut the statutory presumption." Kinash, 129 F.3d at 738; accord Marquez, 2013 WL 3344320, at *4 ("a plaintiff must do more than assert that she did not receive the notice within five days"); Skyles v. Astrue, 2009 WL 2382357, at *3 (E.D. Mo. July 30, 2009) ("affidavits by [claimant] and his counsel, along with copies of unanswered correspondence sent by counsel to the SSA after the presumptive receipt date . . . is insufficient to make a 'reasonable showing' that neither Plaintiff nor his counsel received the Notice within five days of its date of issuance."); Pettway ex rel. Pettway v. Barnhart, 233 F. Supp. 2d 1354, 1356 (S.D. Ala. 2002) ("Courts have repeatedly concluded that a bald denial of timely receipt by the plaintiff and/or her attorney, even if made under oath, is insufficient to constitute a 'reasonable showing' sufficient to rebut the regulatory presumption.") (collecting cases); Velazquez v. Massanari, 2002 WL 246760, at *1 (D. Neb. Feb. 21, 2002) (the "bare assertion" of delayed receipt in attorney's affidavit "is not the type of 'reasonable showing' contemplated by the applicable regulation"); Marte v. Apfel, 1998 WL 292358, at *3 (S.D.N.Y. June 3, 1998) ("unsubstantiated affidavit" asserting late receipt of notice not enough to rebut presumption of receipt); Leslie v. Bowen, 695 F. Supp. 504, 506 (D. Kan. 1988) ("This court agrees the rebuttable presumption would serve little purpose if an affidavit stating a later date of notice constituted a reasonable showing to the contrary."); see also Rivera v. Sec'y, 39 F.3d 1188 (9th Cir. 1994) (unpublished opinion) (evidence in the form of newspaper articles reporting inclement weather in Virginia around the time the notice was

9

sent insufficient to rebut presumption, absent "any evidence showing that weather conditions actually caused a delay in the mail service"); Piscopo v. Sec'y, 27 F.3d 554 (1st Cir. 1994) (plaintiff's habit of not retrieving the contents of her post office box daily was not sufficient excuse for delayed receipt) (unpublished opinion); McCall v. Bowen, 832 F.2d 862, 864 (5th Cir. 1987) (plaintiff's and attorney's unsubstantiated affidavits asserting non-receipt not enough to rebut presumption).[6] Thus, one court rejected a plaintiff's assertions that he did not receive the Commissioner's notice because "his mailbox is located outside of the premises and is prey by the vandals in a low income community" and "his physical condition precluded him from retrieving mail everyday because he lives on a second floor and climbing stairs is very excruciating," because plaintiff offered only "a self-serving assertion" to that effect in an affidavit. Liranzo, 2010 WL 626791, at *2.

Under this case law, Sherwood's similarly self-serving assertion that he simply never received notice is insufficient to rebut the presumption of receipt within five days. Notably, Sherwood has refused to explain which field office he visited, instead simply asserting that the Commissioner's records search was not exhaustive of all field offices in the Bronx. See Frishberg Reply Decl. ¶¶ 3-4.

Additionally, Sherwood has given shifting explanations for his alleged visit to a field office. In his Complaint, he states that he visited a field office to "request[] to learn the status of [my] appeal." Compl. ¶ 9. But in his declaration filed in opposition to the Commissioner's motion, Sherwood (and his counsel) states that he visited the field office to "file a new

---

[6] One case states that "the claimant may rebut the presumption and thereby create a factual dispute as to the actual receipt of notice by a sworn affidavit denying receipt of the notice letter." Vine v. Bowen, 1988 WL 35595, at *1 (N.D. Ill. Apr. 8, 1988). This statement is dictum, however, and against the great weight of authority.

10

application for benefits." Sherwood Decl. ¶ 5.

This case is distinguishable from cases in this Circuit where courts have found plaintiff made a "reasonable showing" to rebut the 5-day presumption. In those cases, the plaintiff either presented evidence that the notice was mailed outside the 5-day window, see Matsibekker, 738 F.2d at 81-82; presented a note on the notice itself concerning plaintiff's address forwarding information as well as an affidavit from a person who had forwarded the notice, Chiappa v. Califano, 480 F. Supp. 856, 857 (S.D.N.Y. 1979); or showed other forms of corroborating evidence, see Duran ex rel. Canfield v. Barnhart, 2003 WL 22176011, at *2 (S.D.N.Y. Sept. 22, 2003) (plaintiff rebutted presumption by presenting a series of notices sent by Commissioner that showed that the average delay was eight days and noting that the mailing occurred around Christmas, "notorious for late mail deliveries"); see also Pettway, 233 F. Supp. 2d at 1357 & n.5 ("In every known case in which a reasonable showing of delayed or failed receipt has been judicially acknowledged, the plaintiff offered evidence corroborating his or her denial of timely receipt."). Here, Sherwood has presented no corroborating evidence of his claims regarding non-receipt. We do not consider his statement that he visited the social security office as providing corroboration given that it occurred long after the expiration of his deadline to file and given the unrebutted evidence provided by the Commissioner that such a visit did not occur. Additionally, as the Second Circuit recognized in an unpublished opinion: "[a]lthough [the claimant's] visiting the Social Security office is consistent with non-receipt of the notice, it does little or nothing to prove it." Liranzo v. Comm'r of Soc. Sec., 411 F. App'x 390, 391 (2d Cir. 2011). Thus, we find that Sherwood has not made a "reasonable showing" that he did not in fact receive the decision. 20 C.F.R. § 422.210(c).

B. Leave to Amend

Rule 15(a) provides that a court should "freely" grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to grant or deny leave to amend under Rule 15(a)(2) is within the trial court's discretion. E.g., Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). The court may deny leave to amend for "good reason," which normally involves an analysis of the factors articulated in Foman: undue delay, bad faith, futility of amendment, or undue prejudice to the opposing party. E.g., McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007) (citing Foman, 371 U.S. at 182). When a party argues that an amendment would be futile, the court must determine whether "a proposed claim could . . . withstand a motion to dismiss pursuant to [Federal Rule of Civil Procedure] 12(b)(6)." Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002) (citing Ricciuti v. N.Y.C. Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991)).

The Commissioner contends that the motion to amend is futile because it does not allege any basis for excusing Sherwood's untimely filed complaint. See Comm'r Reply Mem. at *4. Having already considered and rejected the arguments Sherwood seeks to make in the amended complaint, we agree that granting leave would be futile. The amended complaint would not survive a renewed motion to dismiss because it adds nothing to the evidence we have already considered. Accordingly, Sherwood's motion to amend is denied.

IV. CONCLUSION

For the foregoing reasons, Sherwood's motion for leave to amend (Docket # 20) is denied and the Commissioner's motion for summary judgment (Docket # 9) is granted. The Clerk is requested to enter judgment dismissing the complaint and to close this case.

We note that an attorney named Aaron David Frishberg, whom we assume to be the same

individual as counsel for plaintiff in this matter, was suspended from the practice of law for six

months, effective July 30, 2018. See In re Frishberg, 163 A.D.3d 103, 108-09 (1st Dep't 2018).

A clerk obtained the home address for plaintiff from Mr. Frishberg, which matches the address

on plaintiff's application to proceed in forma pauperis (Docket # 1). The Court therefore directs

that the Clerk of the Court send a copy of this Opinion and Order, the judgment, and the notice

of right to appeal to plaintiff at the following address:

Harold Sherwood
508 East 163rd Street, Apt. S3E
Bronx, NY 10451

        SO ORDERED.

Dated: September 17, 2018
       New York, New York

                                   GABRIEL W. GORENSTEIN
                                United States Magistrate Judge